**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

MARCUS RELEFORD                                                                    PLAINTIFF

V.                                        NO: 5:14CV00420 KGB/PSH

MIRIAM LESTER *et al*                                                             DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Proposed Findings and Recommendation have been sent to United States

District Judge Kristine G. Baker.   You may file written objections to all or part of this

Recommendation.  If you do so, those objections must:  (1) specifically explain the factual and/or

legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14)

days of this Recommendation.  By not objecting, you may waive the right to appeal questions of

fact.

## DISPOSITION

Plaintiff Marcus Releford, a former Arkansas Department of Correction inmate, filed a *pro*

*se* complaint, pursuant to 42 U.S.C. § 1983 (docket entry 2), on November 18, 2014.  The complaint

named Crane, the Pulaski County Circuit Clerk, and four others.[1]

On October 20, 2015, Crane filed a motion for summary judgment, along with a statement

of facts and a brief in support (docket entries 33-35).  Although he has been granted additional time

to respond, plaintiff has not filed a response.  For the reasons set forth below, the Court recommends

---

[1]The claims against all defendants except Crane were dismissed on September 8, 2015
(docket entry 32).

1

that District Judge Baker grant Crane's motion.

## I.  Background

Releford, then an inmate in the Arkansas Department of Corrections,  filed a petition for writ of mandamus on October 30, 2013, in Pulaski County Circuit Court, Case No. 60CV-13-4241, seeking an order directing the state parole board to give him a hearing (docket entry 34-1). The defendants in the state action were John Felts, Chair of the Arkansas Parole Board, and Ray Hobbs, then Director of the Arkansas Department of Correction. On that same date, the Pulaski County Circuit Judge granted Releford IFP status.

On December 9, 2013, a motion for default judgment by Releford was mailed to Crane's office.  Crane filed it on December 13, 2013 (docket entry 34-2).  In the motion for default, Releford claimed that "a summons was served on defendants on the 30th of October 2013," and the defendants had failed to answer.  In a letter to Releford  filed  February 11, 2014, the Pulaski County Circuit Court informed him that it was his responsibility to effect service on the defendants.  Releford apparently believed that service of his complaint and summons was the responsibility of the clerk's office (docket entry 34-5, Exhibit 5). The default motion was denied by the Pulaski County Circuit Court on February 18, 2014 (docket entry 34-3).  On February 28, 2014, 121 days after the complaint was filed, the Pulaski County Circuit Court dismissed Releford's petition without prejudice for failure to obtain service on the defendants within 120 days of the filing of the complaint (docket entry 34-4).

After the case was dismissed, Releford filed a second motion for default judgment. While the state court docket does not provide a postmark for the second motion, it was notarized on March 27, 2014, and therefore could not have been mailed before then.  Crane filed it on April 3, 2014.

(docket entry 34-5). In the second default motion, Releford asserted that although the clerk was required to serve the defendants, Releford had since effected service on the defendants on February 24, 2014. Releford attached what he claimed to be proof of service to the motion, which appear to be certified mail receipts (docket entry 34-5, Exhibits 1 - 3). The court denied Releford's second motion for default on May 29, 2014, stating that "[o]n February 28, 2014, this case was dismissed for failure to obtain service. This case is now closed." (docket entry 34-6).

Releford's Section 1983 case was filed on November 18, 2014. Releford's allegations against Crane are as follows:

> I then filed a Writ of Mandamus, which is still pending through the blatant bias acts of Mr. Larry Crane, who refuses to file-mark my motions in a timely manner. Through extra efforts of my family, Mr. Hobbs and Mr. Felts were properly served with their summons by restricted certified mail on 2/21/2014 and the summons gave them 30 days after notice and it has been over 8 months and neither has answered the summons which states that if they fail to respond within the applicable time period, judgment by default may be entered against them for the relief demanded in the complaint.
>
> I filed a motion for Default Judgment twice and still haven't heard anything. This whole process was supposed to take 45 days from Oct 30, 2013, which has been 11 months, which clearly shows Mr. Cranes unprofessional conduct and malicious intent.
>
> All five of these Defendants have purposely played a significant role in delaying me my Parole Hearing through malicious intent, unprofessional conduct and inadequacy. The facts of my situation could not have been any clearer, and yet I was denied my hearing just because they could.

Docket entry 2, pages 5 - 6.

Crane filed a summary judgment motion, asserting that he promptly filed Releford's motions for default judgment, and that Releford's case was dismissed because he did not obtain service on the defendants within the 120 day time period required by the Arkansas Rules of Civil Procedure.

## II.  Standard of review

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## III. Analysis

For Releford to prevail on his Section 1983 claim, he must show that Crane's actions deprived him of a right under the Constitution or federal law. *Maness v. District Court of Logan County*, 495 F.3d 943 (8th Cir. 2007); *Johnson v. Hamilton*, 452 F.3d 967 (8th Cir. 2006); *Latimore v. Johnson*, 7 F.3d 709 (8th Cir. 1993).  He cannot do so.  The documents produced by Crane in support of his motion for summary judgment prove that he took no action that deprived Releford of any Constitutional or federal statutory right he might have.[2]  The two motions for default judgment

---

[2]While this Recommended Disposition is based on the lack of causation, the Court notes that inmates do not have a constitutionally protected liberty interest in the possibility of parole. *Adams v. Agniel*, 405 F.3d 643, 645 (8th Cir. 2005).

4

submitted by Releford were timely filed by Crane, allowing for the time for mailing. Both motions were considered by the Pulaski County Circuit Court, although the second one was notarized and mailed almost a month after the case was dismissed. The order dismissing Releford's petition stated that it was dismissed for failure to effect timely service of process. Crane had no responsibility to effect service on the defendants. The undisputed material facts establish that nothing Crane did had any prejudicial effect on Releford's state lawsuit or resulted in a deprivation of any constitutional right. Crane is therefore entitled to summary judgment.

Because Judge Baker has already dismissed Releford's claims against the other defendants (docket entry 32), the case should be dismissed in its entirety.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.     Defendant Larry Crane's motion for summary judgment (docket entry 33) be GRANTED, and plaintiff's complaint be DISMISSED WITH PREJUDICE.

2.     The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this order or any judgment entered hereunder, would not be taken in good faith.

DATED this 7th day of December, 2015.

_____
UNITED STATES MAGISTRATE JUDGE